BRIGGS, Appellant,

v.

CINCINNATI RECREATION COMMISSION, Appellee, et al.

[Cite as *Briggs v. Cincinnati Recreation Comm.* (1998), 132 Ohio App.3d 610.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–971059.

Decided Sept. 25, 1998.

*Joel Briggs,* pro se.

*Fay D. Dupuis,* City Solicitor, and *Mark S. Yurick,* Assistant City Solicitor, for appellee.

---

PAINTER, Judge.

On June 26, 1997, plaintiff-appellant, Joel Briggs, filed a complaint in the Hamilton County Court of Common Pleas (case No. A–9704730) in which he alleged that the Cincinnati Recreation Commission had unlawfully refused to let him use the Mount Auburn Community Center steam room during certain hours. On August 12, 1997, the trial court dismissed the complaint, with prejudice, for failure to state a claim upon which relief could be granted, evidently not eager to become the arbiter of steam-room scheduling.

Briggs did not appeal the judgment. But he was undeterred in his quest. On August 15, 1997, Briggs filed a second complaint in the Hamilton County Court of Common Pleas (case No. A–9705635) that set forth exactly the same allegations as those in his prior complaint. In November 1997, the trial court granted summary judgment to defendant-appellee "Cincinnati Recreation Commission Office," as the entity Briggs had named. The basis of summary judgment was that *res judicata,* or claim preclusion, barred Briggs's second lawsuit. Briggs has appealed the entry of summary judgment and has asserted one assignment of error.

Briggs's sole assignment is that his second lawsuit should not have been barred by *res judicata.* But, it is well established law that an existing final judgment on the merits between parties to litigation is conclusive as to all claims that were or might have been litigated in the first lawsuit.[1] A dismissal with prejudice is a final judgment on the merits.[2] Were the law otherwise, a copy machine could take the place of an appeal. In the present case, Briggs's first lawsuit was dismissed with prejudice, and his second lawsuit asserted the same allegations advanced in the first lawsuit. "With prejudice" means the case is over, unless appealed. This case was over when Briggs did not appeal the first judgment. Thus, *res judicata* barred the second lawsuit, just as common sense would have barred the first.

---

1. *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 392, 395, 692 N.E.2d 140, 144.

2. *Id.; Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (Dec. 22, 1992), Franklin App. No. 92AP–1308, unreported, 1992 WL 385908.

Therefore, Briggs's sole assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., and SHANNON, J., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.