JOURNAL ENTRY and OPINION.
{¶ 1} Plaintiff-appellant Joann Myers appeals from common pleas court orders granting summary judgment in favor of defendant-appellee Nationwide Insurance Company and denying Myers' cross-motion for summary judgment against Nationwide. After these orders were entered, the common pleas court dismissed all claims against all parties. The final dismissal order rendered the interlocutory order granting summary judgment to Nationwide a nullity. Orders entered by the court following the dismissal order were also void, because the court had no jurisdiction to enter them.
 {¶ 2} Appellant's arguments do not challenge the court's dismissal of this case. Therefore, we affirm.
 Procedural History {¶ 3} Appellant originally filed this action on March 31, 2000. Her second amended complaint, filed December 4, 2001, alleged claims against defendants State Farm Insurance Company, Mitchell Johnson, John/Jane Doe, Delores Acesta, and Nationwide Insurance Company. The complaint alleged that appellant was a passenger on a motorcycle operated by defendant Mitchell, an uninsured/underinsured driver. Appellant and Mitchell were involved in an accident with an uninsured/underinsured automobile owned by defendant Acesta and driven by an uninsured/underinsured driver identified only as John/Jane Doe. Appellant claimed that the negligence of the driver of the motorcycle, the driver of the car and the owner of the car caused her injuries, and therefore they were each liable to her. She also claimed that State Farm, her own automobile insurance carrier, breached its contract by refusing to pay her uninsured motorist/underinsured motorist ("UM/UIM") benefits. Finally, she claimed that she was an insured under a business owner's policy and business auto insurance policy issued to her employer by Nationwide, and that Nationwide breached its duty to pay her UM/UIM benefits under those policies.
 {¶ 4} Appellant and Nationwide both moved for summary judgment against one another. On January 31, 2002, Nationwide's motion was granted and appellant's motion was overruled. The court expressly stated that the judgment for Nationwide was partial, not final.
 {¶ 5} On March 19, 2002, the court entered default judgment in plaintiff's favor against Acesta, the owner of the automobile. On that same date, the court entered a stipulated order dismissing the claims against State Farm, with prejudice, pursuant to a settlement agreement among the parties. Finally, and most critical to our disposition of this case, is the following order, also entered on March 19, 2002:
 {¶ 6} "Case is dismissed as to all parties. Case is now dismissed as to all parties with prejudice. Final."
 {¶ 7} A week later, on March 26, 2002, the following entry was filed:
 {¶ 8} "Case is dismissed. More definitive entry to follow. Final. Case is to be removed from active docket of Judge Calabrese Jr."
 {¶ 9} Finally, on April 8, 2002, the court entered the following order:
 {¶ 10} "Docket entry to provide additional clarification to previously granted MSJ. Motion for summary judgment of deft. Nationwide (filed 9-20-02) was previously granted. Partial. The court having considered all the evidence and having construed the evidence most strongly in favor of the non-moving party determines that reasonable minds can come to but one conclusion, that there are no genuine issues of material fact, and that deft Nationwide is entitled to judgment as a matter of law."
 Law and Analysis {¶ 11} Appellant's two assignments of error challenge the common pleas court's orders granting summary judgment for Nationwide and overruling appellant's motion for summary judgment. These orders adjudicated the rights and liabilities of fewer than all the parties. The court did not determine that there was no just reason for delay in entering final judgment for Nationwide, so the orders were "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Civ.R. 54(B).
 {¶ 12} In fact, the court here did revise the judgment when it dismissed the "case" "as to all parties" with prejudice. The only reasonable construction of this language is that the court dismissed all claims against all parties, including those parties as to whom interlocutory judgments had been entered. For this reason, this case is not analogous to Denham v. New Carlisle (1999), 86 Ohio St.3d 594. InDenham, the court granted summary judgment for one defendant, after which the plaintiff dismissed her claims against the remaining parties, without prejudice. The Supreme Court in Denham found that a plaintiff could voluntarily dismiss all claims against some defendants, leaving standing a prior order granting summary judgment for another defendant, which became a final appealable order once the court disposed of all claims against all parties. Here, by contrast, the court dismissed the "case" "with prejudice" "as to all parties." Thus, the partial summary judgment was replaced by the order of dismissal, which became the final order of the court.
 {¶ 13} A dismissal with prejudice is, obviously, a final judgment on the merits. See, e.g., Briggs v. Cincinnati Recreation Commn. OfficeMike Thomas [sic] (1998), 132 Ohio App.3d 610, 611. Once this final judgment was entered, the court had no jurisdiction to reconsider or vacate it on its own motion. Pitts v. Ohio Dept. Of Transp. (1981),67 Ohio St.2d 378, paragraph one of the syllabus; In re Szymczak (July 23, 1998), Cuyahoga App. No. 73097. Although the court had the power to correct the entry, nunc pro tunc, to reflect the action actually taken by the court, it could not substantively change a final judgment, as it attempted to do here.[1] See, e.g., State v. Coleman (1959),110 Ohio App. 475. Therefore, the orders following the entry of final judgment are a nullity.[2]
 {¶ 14} "It has long been the policy of Ohio courts that judgments must be accorded finality, even if those judgments are not perfect — `for obvious reasons, courts have typically placed finality above perfection in the hierarchy of values.'" In re Szymczak (July 23, 1998), Cuyahoga App. No. 73097 (quoting Strack v. Pelton (1994),70 Ohio St.3d 172, 175). That said, however, perfection may still be attainable. A motion for relief from judgment pursuant to Civ.R. 60(B) may be an appropriate means to resolve this matter.
 {¶ 15} We hold that the court's order of dismissal superseded the partial summary judgment, and rendered appellant's assignments of error moot. Appellant does not challenge the order of dismissal. Therefore, her assignments of error are overruled. We affirm.
 {¶ 16} It is ordered that appellee recover of appellant its costs herein taxed.
 {¶ 17} The court finds there were reasonable grounds for this appeal.
 {¶ 18} It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
 {¶ 19} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., CONCURS.
DIANE KARPINSKI, J. DISSENTS WITH SEPARATE DISSENTING OPINION.
[1] The post judgment order did not attempt to correct the final order of dismissal. Rather, the court attempted to reenter the summary judgment in favor of Nationwide after dismissal of the entire case.
[2] Appellant apparently recognized this fact when she noted in her notice of appeal that the original dismissal entry dated March 19, 2002, was the final judgment from which she was appealing.