[Cite as *In re Estate of Demsey*, 2018-Ohio-5177.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 106678

IN RE:   ESTATE OF LOUISE J. DEMSEY

[Appeal by Kenneth Demsey]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Division
Case No. 2010 EST 0160457

BEFORE:   Stewart, J., E.A. Gallagher, A.J., and Boyle, J.

RELEASED AND JOURNALIZED:   December 20, 2018

**ATTORNEY FOR APPELLANTS**

Robert Troll Lynch
35253 Maplegrove, Suite 102
Willoughby Hills, OH 44094


**ATTORNEY FOR APPELLEE**

S. Robert E. Lazzaro
Costanzo & Lazzaro
13317 Madison Avenue
Lakewood, OH 44107


**Also Listed:**

Kevin Demsey
21440 East 104th Street
Broken Arrow, OK 74014

Nancy Demsey Daniels
4847 Dameuly Drive
Hilliard, OH 43026

Sharlene Haberek
155 Cobblestone Lane
Springboro, OH 45066

Jean McLeod
306 Mariana Avenue
Midland, TX 79701

MELODY J. STEWART, J.:

{¶1} The sole issue in this appeal is whether the probate division of the court of common pleas (probate court) erred by finding that appellant Kenneth Demsey's claim against appellee estate of Louise Demsey, for healthcare and personal services rendered, was res judicata because the same claim had been previously dismissed with prejudice in an action brought in the general division of the court of common pleas. Demsey argues that the prior dismissal was a procedural ruling and thus not on the merits, precluding application of the principles of res judicata.

{¶2} In 2012, Demsey filed an action in the general division, Cuyahoga C.P. No. CV-12-782829, seeking payment of $280,000 for personal services provided to his mother, Louise Demsey. The estate counterclaimed alleging that Demsey misappropriated his mother's money and that he owed the estate rent from his time living with her. In response to the estate's motion to compel discovery, the general division court ordered Demsey to respond under penalty of dismissal and attorney fees. When Demsey did not respond, the court dismissed the case with prejudice. Demsey appealed, but we dismissed the appeal for want of a final order because the court had yet to dispose of the estate's counterclaims, nor had the court certified no just reason for delay under Civ.R. 54(B). *See Demsey v. Sheehe*, 8th Dist. Cuyahoga No. 100693, 2014-Ohio-2409, ¶ 11-12. The estate later dismissed its counterclaims without prejudice, but Demsey did not again appeal from the involuntary dismissal with prejudice.

{¶3} In 2017, during probate court proceedings involving the administration of his mother's estate, Demsey sought to recover his monies allegedly expended as caregiver to his mother. The probate court denied the motion, finding that "the claim for caregiver fees was denied by the Executor and disposed of in Case Number CV-12-782829."

**{¶4}** Demsey appeals, arguing that the court erred by giving preclusive effect to the general division dismissal because the dismissal "was on procedural grounds only and not on the merits[.]"

**{¶5}** As between the same parties, a final judgment in a first lawsuit is conclusive as to all claims that were or might have been litigated. *Natl. Amusements v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990). The rule barring relitigation of claims or issues — known as "res judicata" — applies even if the same claim had been litigated in a different court. *Rogers v. Whitehall*, 25 Ohio St.3d 67, 67, 494 N.E.2d 1387 (1986), syllabus.

**{¶6}** There is no merit to Demsey's argument that the dismissal with prejudice in the general division action was not final because it was "procedural" and therefore not on the merits. A dismissal with prejudice "operates as an adjudication on the merits unless the court, in its order for dismissal, otherwise specifies." Civ.R. 41(B)(3). As an adjudication on the merits, a dismissal with prejudice is a final judgment on the merits. *Tower City Properties v. Cuyahoga Cty. Bd. of Revision*, 49 Ohio St.3d 67, 69, 551 N.E.2d 122 (1990); *Persaud v. St. John Med. Ctr.*, 8th Dist. Cuyahoga No. 105402, 2017-Ohio-7178, ¶ 22; *Briggs v. Cincinnati Recreation Comm. Office*, 132 Ohio App.3d 610, 611, 725 N.E.2d 1161 (1st Dist.1998); *Lakhi v. Healthcare Choices & Consultants, L.L.C.*, 10th Dist. Franklin No. 06AP-806, 2007-Ohio-4127, ¶ 26.

**{¶7}** It follows that "under the doctrine of res judicata, a voluntary dismissal with prejudice bars future litigation on the rights asserted, or those that could have been asserted in the prior action." *Persaud* at ¶ 22, citing *Dreger v. Dundas*, 8th Dist. Cuyahoga No. 57389, 1990 Ohio App. LEXIS 4985 (Nov. 15, 1990). *See also Dehlendorf v. Ritchey*, 10th Dist. Franklin No. 12AP-87, 2012-Ohio-5193, ¶ 16 ("[a] dismissal entered with prejudice will, by application of the doctrine of res judicata, bar a subsequent attempt to refile the same action.").

**{¶8}** Demsey's entire argument is wrongly premised on the assertion that an involuntary dismissal with prejudice makes no judgment on the substance or the merits of a claim. This is true only if a dismissal is *without* prejudice — "[a] dismissal without prejudice constitutes an adjudication other than on the merits and prevents the dismissal from having res judicata effect." *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, 894 N.E.2d 692, ¶ 10. But with the general division dismissal being with prejudice, it operated as an adjudication on the merits and was final. The probate court did not err by finding that Demsey's claim was res judicata.

**{¶9}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were no reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, probate division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, A.J., and
MARY J. BOYLE, J., CONCUR