OPINION
{¶ 1} Defendant-appellant, Tiffany Mahlerwein, appeals from an order of the Franklin County Court of Common Pleas which, among other things, found her in contempt of court. For the reasons that follow, we reverse the judgment of the common pleas court and remand the matter. *Page 2 
 {¶ 2} On February 9, 2004, by means of a verified complaint filed in the Franklin County Court of Common Pleas, plaintiff-appellee, Amar D. Lakhi, sued Healthcare Choices Consultants, LLC ("Healthcare Choices" or "company"), and Tiffany Mahlerwein. In his complaint, plaintiff alleged, among other things, that: (1) he and Ms. Mahlerwein were co-owners of Healthcare Choices, with each party owning 50 percent of the company; (2) he and Ms. Mahlerwein were deadlocked in the management of the Healthcare Choices; and (3) Healthcare Choices was insolvent or in imminent danger of insolvency. Accordingly, plaintiff petitioned the court to appoint a receiver for the purpose of judicially dissolving Healthcare Choices.
 {¶ 3} Upon plaintiff's motion for immediate appointment of a receiver, the trial court appointed Reg Martin of Martin Management Services, Inc., as the receiver in the matter. In its order appointing a receiver, the trial court also issued this order:
 It is further ORDERED that all creditors, claimants, bodies politic, parties in interest, and all sheriffs, marshals, and other officers, and their respective attorneys, servants, agents, and employees, and all other persons, firms and corporations be, and they hereby are, jointly and severally, enjoined and stayed from commencing or continuing any action at law or suit or proceeding in equity to foreclose any lien or enforce any claim against said limited liability company or their property, or against the Receiver in any court. All such entities are further stayed from executing or issuing or causing the execution or issuance out of any Court of any writ, process, summons, attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or enforcing any claim or lien upon any property owned by or in the possession of the said Receiver, and from doing any act or thing whatsoever to interfere with the Receiver in the discharge of his duties in this proceeding with the exclusive jurisdiction of this Court over said properties and said Receiver. This Order shall be in full force and effect as of the date of its journalization with the Clerk of this Court.
(Emphasis sic.) *Page 3 
 {¶ 4} After concluding that continued operation of the company would not benefit the receivership estate, the receiver recommended to the trial court that Healthcare Choices cease operations and sell its tangible assets in its medical treatment facilities in Columbus and Lancaster, Ohio. After receiving authorization from the trial court, the receiver sold the company's tangible assets for an amount that exceeded the appraised value of the property.
 {¶ 5} After the receiver sold the company's tangible assets, the receiver informed the trial court that the company was without assets to operate a business and that continued operation of the business would not provide sufficient cash flow to sustain the business. The receiver therefore recommended abandonment of any further business operations and recommended concentrating on recovering the remaining assets, primarily accounts receivable. The trial court thereafter authorized the receiver to discontinue business operations and to continue the receivership with a view toward winding up the company's affairs and abandoning business operations as of June 28, 2004.
 {¶ 6} In April 2005, with court approval, plaintiff filed a supplemental verified complaint against Healthcare Choices and Tiffany Mahlerwein. Claiming that Ms. Mahlerwein misrepresented to plaintiff her purchase price of Healthcare Choices prior to plaintiff's purchase of a half-interest in Healthcare Choices, and claiming that Ms. Mahlerwein failed to provide documentation of the company's purchase price upon plaintiff's request, plaintiff asserted a claim of actual fraud against Ms. Mahlerwein. Plaintiff also asserted a claim that Ms. Mahlerwein withdrew approximately $60,000 from Healthcare Choices in violation of the company's operating agreement, thereby damaging *Page 4 
the company and plaintiff. In this supplemental complaint, plaintiff also sought judicial dissolution of Healthcare Choices.
 {¶ 7} In October 2005, Ms. Mahlerwein moved to terminate the receivership. Although the receiver acknowledged that pending issues between the parties might exist, the receiver nonetheless agreed that his work was complete and that there was nothing for the receiver or the receivership estate to conclude. On November 9, 2005, the trial court granted Ms. Mahlerwein's motion to terminate the receivership, and the trial court ordered the receiver to file a final accounting within 28 days of journalization of the court's entry. The next day the trial court issued an entry dissolving the receivership.
 {¶ 8} On May 8, 2006, the receiver moved the trial court to issue a show cause order against Ms. Mahlerwein and her counsel because Ms. Mahlerwein, without leave of court, brought an action against the receiver in the Fairfield County Court of Common Pleas. According to the receiver, by bringing an action against the receiver in the Fairfield County Court of Common Pleas without leave of court, Ms. Mahlerwein violated an earlier order of the trial court that enjoined Ms. Mahlerwein from suing the receiver.
 {¶ 9} By entry filed August 1, 2006, the trial court found Ms. Mahlerwein in contempt of court and sentenced her to a jail term of 30 days. However, the trial court suspended execution of the jail sentence on condition that Ms. Mahlerwein purge herself of contempt by August 10, 2006, in a manner specified by the court. Specifically, in its entry of August 1, 2006, the Franklin County Court of Common Pleas ordered in part:
 Having heard the arguments of counsel, the Court hereby determines that Mahlerwein is in contempt of Court, and the Court hereby ORDERS that Mahlerwein be sentenced to a jail term of 30 days, provided however that such sentence is hereby suspended until the date set by the Court for another hearing in this case. A hearing is hereby set for Thursday, August 10, 2006 at 3:00 pm in Courtroom 9C of the Franklin *Page 5 
County Court of Common Pleas, and Mahlerwein is hereby ORDERED to appear at this hearing. At that hearing, Mahlerwein shall provide evidence that she has purged herself of her contempt in accordance with this ORDER. Failing to so satisfy the Court, Mahlerwein shall serve the 30 day jail sentence imposed in this ORDER. In the event Mahlerwein does not appear at the hearing, the Court will issue a bench warrant for her arrest.
 The Court has advised Mahlerwein that she may purge herself of this contempt Order if she takes the following actions on or before the hearing scheduled for August 10, 2006:
 1. She dismisses with prejudice the action she brought against the Receiver in the Fairfield County Court of Common Pleas, Mahlerwein v. Martin, et al., which is pending in the Fairfield Court of Common Pleas as Case No. 2006CV00292[.]
(Emphasis sic.)
 {¶ 10} In this entry, the trial court further ordered in part:
 The Court further ORDERS the following:
 4. The Entry filed November 10, 2005 is determined to be null and void, having been entered without consultation among counsel for the parties in derogation of the procedure for settling Orders as prescribed in the Local Rules of this Court;
 The Decision and Entry prepared by the Court on November 8, 2005, and filed November 9, 2005, is the correct Entry terminating the receivership for Healthcare Choices only after such time that the Receiver completes his work and submits a final Order to this Court;
 The Receivership for Healthcare Choices shall continue until such time as the Receiver shall final [sic] a final report and submits a final ORDER terminating the Receivership and releasing the Receiver's bond and discharging the Receiver.
(Emphasis sic.)
 {¶ 11} On August 7, 2006, Ms. Mahlerwein appealed from the trial court's order of
August 1, 2006, and she also moved this court to stay execution of the trial court's order. *Page 6 
See, generally, R.C. 2705.09 (providing in part that "[t]he judgment and orders of a court or officer made in cases of contempt may be reviewed on appeal"); App.R. 7 (stay or injunction of civil order pending appeal).
 {¶ 12} By entry filed August 9, 2006, the trial court stayed the matter pending resolution of Ms. Mahlerwein's appeal. Because the trial court granted Ms. Mahlerwein's motion to stay execution of its sentence, this court denied as moot her motion to stay execution of the trial court's order.
 {¶ 13} Ms. Mahlerwein assigns three errors for our consideration:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND THE DEFENDANT TIFFANY MAHLERWEIN IN CONTEMPT OF COURT FOR VIOLATING A COURT ORDER.
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT VACATED THE NOVEMBER 10, 2006 [sic] ENTRY FINDING IT NULL AND VOID.
 III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT VIOLATED TIFFANY MAHLERWEIN'S DUE PROCESS RIGHTS BY ORDERING HER TO DISMISS HER CAUSE OF ACTION AGAINST THE RECEIVER WITH PREJUDICE IN ORDER TO PURGER HER CONTEMPT FINDING.
 {¶ 14} Because Ms. Mahlerwein's first and third assignments of error are interrelated, we shall jointly address them. By these assignments of error, Ms. Mahlerwein asserts that the trial court erred by finding her in contempt of court and by ordering her to dismiss with prejudice her action against the receiver to purge her contempt.
 {¶ 15} "Contempt of court is defined as disobedience of an order of a court." Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, at paragraph one of the syllabus. Contempt of court "is conduct which brings the administration of justice into *Page 7 
disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." Id. "The purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice." Id. at paragraph two of the syllabus; see, also, Denovchek v. Bd. of Trumbull Cty. Commrs. (1988),36 Ohio St.3d 14, 15.
 {¶ 16} "A court has both inherent and statutory authority to punish contempt." Bank One Trust Co., N.A. v. Scherer, Franklin App. No. 06AP-70, 2006-Ohio-5097, at ¶ 15 (Brown, J., concurring in judgment only), citing Howell v. Howell, Franklin App. No. 04AP-436,2005-Ohio-2798, at ¶ 19, quoting In re Contempt of Morris (1996),110 Ohio App.3d 475, 479; see, also, Denovchek, at 15; R.C. 2705.02(A).
 {¶ 17} Contempt may be categorized as civil or criminal in nature.Ford v. Ohio Dept. of Rehab. Corr, Franklin App. No. 05AP-357,2006-Ohio-2531, at ¶ 42, citing Lopez v. Lopez, Franklin App. No. 04AP-508, 2005-Ohio-1155, at ¶ 56, citing Carroll v. Detty (1996),113 Ohio App.3d 708, 711. But, see, Denovchek, at 16 (observing that contempt proceedings are sui generis, but for certain purposes it is necessary to classify contempt proceedings as either civil or criminal). "`While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment. * * * Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket * * * since he will be freed if he agrees to do as ordered.'" Ford, at ¶ 43, quoting Brown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250,254; see, also, State ex rel. Corn v. Russo (2001), 90 Ohio St.3d 551,554-555 (discussing civil and criminal contempt). *Page 8 
 {¶ 18} "In a civil contempt action, the burden of proof is clear and convincing evidence." Lopez, at ¶ 56, citing Carroll, at 711;Howell, at ¶ 21. "`Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Lopez, at ¶ 56, quoting Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus; see, also, Davis v. Davis, Clark App. No. 06-CA-17, 2007-Ohio-322, at ¶ 27.
 {¶ 19} "Absent an abuse of discretion, an appellate court cannot reverse a finding of contempt by a trial court." Lopez, at ¶ 56, citingCarroll, at 711; In re CM., Summit App. No. 21720, 2004-Ohio-1984, at ¶ 10. "` "Abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Howell, at ¶ 22, quoting State ex rel.Bitter v. Missig (1995), 72 Ohio St.3d 249, 253, citing Rock v.Cabral (1993), 67 Ohio St.3d 108, 112. See, also, AAAA Enterprises, Inc.v. River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157, 161 (stating that "[a] decision is unreasonable if there is no sound reasoning process that would support that decision"); Dayton exrel. Scandrick v. McGee (1981), 67 Ohio St.2d 356, 359, quoting Black's Law Dictionary (5 Ed.) (stating that "`[arbitrary' means `without adequate determining principle; * * * not governed by any fixed rules or standard' ").
 {¶ 20} Here, the trial court determined that Ms. Mahlerwein committed indirect civil contempt by filing an action against the receiver in a foreign court in contravention of an earlier order by the trial court that enjoined her from suing the receiver. Absent from this earlier order enjoining Ms. Mahlerwein from suing the receiver was any language limiting *Page 9 
the period when the injunction would be in full force and effect. The trial court later dissolved the receivership through an entry of November 10, 2005.
 {¶ 21} On November 10, 2005, even though all claims against Ms. Mahlerwein had not been adjudicated, by dissolving the receivership, the trial court in effect determined the action as to the receivership. Because the trial court's order of November 10, 2005, in effect determined the action as to the receivership, and because the trial court's injunction against suing the receiver failed to contain language suggesting that the injunction against suing the receiver would continue following dissolution of the receivership, Ms. Mahlerwein plausibly, although mistakenly, could have concluded that she could sue the receiver in a foreign court without seeking leave from the trial court that appointed the receiver following dissolution of the receivership. See, generally, Sherrets v. Tuscarawas S L Co. (1945),78 Ohio App. 307, 310, quoting 34 Ohio Jurisprudence, 1079, Section 167 (observing that as a general rule, `a receiver cannot be sued, in the absence of statutory authority, without leave of the court that appointed him' "). Cf. Barton v. Barbour (1881), 104 U.S. 126, 128, 14 Otto 126 (stating that, as a matter of federal common law, "[i]t is a general rule that before suit is brought against a receiver leave of court by which he was appointed must be obtained"); see, also, Muratore v. Darr (C.A.1, 2004),375 F.3d 140, 147 (applying the Barton doctrine to bar a party from suing a bankruptcy trustee in federal district court without prior permission of the bankruptcy court even though the bankruptcy case was closed).
 {¶ 22} Here, because the trial court's injunction against suing the receiver lacked specificity concerning the duration of the injunction, and because this injunction was silent as to whether it enjoined Ms. Mahlerwein from suing the receiver after dissolution of the receivership, we find that a definitive meaning as to the duration of the injunction is *Page 10 
elusive. See, generally, State v. Porterfield, 106 Ohio St.3d 5,2005-Ohio-3095, at ¶ 11 (instructing courts to objectively and thoroughly examine a writing to determine its meaning when confronted with an allegation of ambiguity and only when a definitive meaning proves elusive should a court employ rules for construing ambiguous language).
 {¶ 23} In Chilcote v. Gleason Constr. Co. (Feb. 6, 2002), Ashland App. No. 01COA01397, 2002-Ohio-746, the Fifth District Court of Appeals stated:
 * * * The law is settled in Ohio that the power of the court to determine contempt is inherent, and within its sound discretion, however, the record must affirmatively show that the conduct constituted an imminent threat to the administration of justice to uphold guilt by contempt. If the contempt charge is premised on a party's failure to obey an order of the court, then the order must be clear and definite, unambiguous and not subject to dual interpretations, and the contemnor must have knowledge of the order. Where the meaning of a court's order is plain on its face, a party's misunderstanding of that order and its mandate does not make the order ambiguous nor a defense to a contempt proceeding. * * *
Id.
 {¶ 24} Because under the particular facts and circumstances of this case, Ms. Mahlerwein plausibly, although mistakenly, could have construed the trial court's order as permitting her to sue the receiver in a foreign court without leave from the trial court after the receivership was dissolved, we conclude that the trial court's injunction against suing the receiver was ambiguous and subject to dual interpretations. We therefore cannot conclude that this order enjoining suit against the receiver was sufficiently clear to support a contempt finding by clear and convincing evidence. See Chilcote.
 {¶ 25} Under the particular facts and circumstances of this case, we must therefore conclude that the trial court abused its discretion by finding Ms. Mahlerwein in *Page 11 
contempt of court on grounds that she sued the receiver in a foreign court in contravention of the trial court's earlier order.
 {¶ 26} Furthermore, because the trial court abused its discretion by finding Ms. Mahlerwein in contempt of court, we must also conclude, as a consequence, that the trial court prejudicially erred by requiring Ms. Mahlerwein to purge this contempt by dismissing with prejudice her action against the receiver in Fairfield County, Ohio, thereby foreclosing Ms. Mahlerwein from filing a suit against the receiver on the same claim or claims. See Briggs v. Cincinnati Recreation Comm.
(1998), 132 Ohio App.3d 610, 611, dismissed, appeal not allowed (1999),84 Ohio St.3d 1501 (footnote omitted) (stating that "[a] dismissal with prejudice is a final judgment on the merits"); Dyson v. AdrenalineDreams Adventures (2001), 143 Ohio App.3d 69, 72, fn. 1 (citations omitted) (stating that "because a dismissal with prejudice acts as an adjudication on the merits, any further action is vulnerable to the defense of res judicata").
 {¶ 27} Accordingly, for the foregoing reasons, we sustain Ms. Mahlerwein's first and third assignments error.
 {¶ 28} By her second assignment of error, Ms. Mahlerwein asserts that the trial court prejudicially erred by sua sponte vacating an order that dissolved the receivership.
 {¶ 29} On November 9, 2005, the trial court granted a motion by Ms. Mahlerwein to terminate the receivership and also ordered the receiver to file a final accounting within 28 days of journalization of the court's entry. The next day the trial court issued an entry dissolving the receivership. In its entry of November 10, 2005, the trial court stated:
Upon the motion of the Defendant Tiffany R. Mahlerwein, the agreement of the Receiver, and for good cause shown, the Court hereby terminates the Receivership concerning Healthcare Choices Consultants, LLC. *Page 12 It is therefore, ORDERED that the Receivership is dissolved. (Emphasis sic.)
 {¶ 30} Later, in a subsequent entry filed August 1, 2006, the trial court ordered: "The Entry filed November 10, 2005 is determined to be null and void, having been entered without consultation among counsel for the parties in derogation of the procedure for settling Orders as prescribed in the Local Rules of this Court."
 {¶ 31} Because on November 9, 2005, the trial court ordered the receiver to file a final accounting within 28 days, we are convinced that the trial court's entry dissolving the receivership, which was filed the next day, was erroneously entered. Nevertheless, by dissolving the receivership through its entry of November 10, 2005, the trial court, which had jurisdiction over the receivership, removed the receiver and formally terminated the receivership.
 {¶ 32} "It has been firmly established that an order appointing or removing a receiver is a final appealable order which affects a substantial right in a special proceeding." Parker v. Elsass, Franklin App. No. 01AP-1306, 2002-Ohio-3340, at ¶ 53, citing Mandalaywala v.Zaleski (1997), 124 Ohio App.3d 321, 329, citing Forest City Invest. Co.v. Haas (1924), 110 Ohio St. 188, paragraph one of the syllabus. See, also, Collins v. Collins, Cuyahoga App. No. 87986, 2007-Ohio-283, at ¶ 7, citing Community First Bank Trust v. Dafoe, 108 Ohio St.3d 472,2006-Ohio-1503, at ¶ 25-26 (observing that "[t]he Ohio Supreme Court has [also] suggested that appointment of a receiver is ancillary to the underlying proceedings, and thus may be considered a provisional remedy the grant or denial of which is appealable under R.C. 2505.02[A][4] [sic]").
 {¶ 33} Here, an effect of the trial court's entry of November 10, 2005, was the removal of the receiver, thereby rendering the trial court's entry final. See Parker, at ¶ 53. *Page 13 
Also, as to the issue of the receivership that was established pursuant to R.C. 2735.01, by dissolving the receivership, the trial court in effect determined the action as to that issue, and prevented a judgment, which rendered the order final. See, generally, R.C. 2505.02(B)(1) (providing that "[a]n order is a final order * * * when it is one of the following: [1] an order that affects a substantial right in an action that in effect determines the action and prevents a judgment"); R.C.2505.02(A)(1) (defining "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect");Buzard v. Triplett, Franklin App. No. 05AP-579, 2006-Ohio-1478, at ¶ 10, quoting Jackson v. Herron, Lake App. No. 2004-L-045,2005-Ohio-4039, at ¶ 8, quoting Bell v. Mt. Sinai Med. Ctr. (1993),67 Ohio St.3d 60, 63, modified in part on other grounds by Moskovitz v. Mt.Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, paragraph four of the syllabus (stating that "to affect a substantial right, the order must "` "be one which, if not immediately appealable, would foreclose appropriate relief in the future." ` ").
 {¶ 34} Judicial antecedents of this court have previously recognized "that `[a] trial court has no authority to vacate its final orderssua sponte.'" Fraley v. Columbus Mobility Specialists, Inc., Franklin App. No. 04AP-712, 2005-Ohio-361, at ¶ 8 (emphasis sic), quotingBright Road Assoc. v. Homoelle (Mar. 19, 1996), Franklin App. No. 95APE10-1361; Kemper Securities, Inc. v. Schultz (1996),111 Ohio App.3d 621, 625 (wherein this court concluded that a trial court has no authority to sua sponte reopen and modify a final order). See, also,Huntington Mtge. Co. v. Kelly (Nov. 15, 2000), Ashland App. No. 00-COA-1351, citing Hudgins v. Mitchell (1998), 128 Ohio App.3d 403, 407
(stating that "a trial court has no authority to vacate its final orders sua sponte"). *Page 14 
 {¶ 35} "[W]hile Civ.R. 60(A) permits a trial court to correct clerical mistakes on its own initiative or upon motion of a party, `[t]his rule is not applicable to substantive errors, but is intended to permit courts to correct "blunders in execution. Fraley, at ¶ 8, quotingHudgins, at 407, quoting Kuehn v. Kuehn (1988), 55 Ohio App.3d 245, 247. Civ.R. 60(B), on the other hand, "governs substantive mistakes and, unlike Civ.R. 60(A), only allows correction of substantive mistakes upon the motion of a party." O'Neill v. Contemporary Image Labeling,Inc. (Oct. 3, 1997), Hamilton App. No. C-961019.
 {¶ 36} A substantive mistake "`consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original thought, [or because on second thought] it has decided to exercise its discretion in a different manner.'"O'Neill, supra, quoting Breen v. Cassese (Jan. 9, 1992), Cuyahoga App. No. 62154, quoting Blanton v. Anzalone (C.A.9, 1987), 813 F.2d 1574,1577 (interpreting Fed.R.Civ.P. 60[a]). See, also, Fraley, at ¶ 8, citing Bright Road (stating that "`Civ.R. 60[B] provides the exclusive grounds which must be present, and the procedures which must be followed, in order for a trial court to vacate its own final judgment' ") (emphasis sic); but, see, O'Neill (stating that since the enactment of the Ohio Rules of Civil Procedure whether trial courts still possess inherent authority to sua sponte correct judgments is an open question).
 {¶ 37} Here, absent any evidence in the record to support a finding that the trial court lacked subject-matter jurisdiction or authority to act when it dissolved the receivership on November 10, 2005, the trial court's order of dissolution was not void. See, generally, State ex rel.Sautter v. Hon. Lawrence Grey, Morrow App. No. 06-CA-6, 2007-Ohio-1831, at ¶ 31, citing Pratts v. Hurley, 102 Ohio St.3d 81, 84; State v.Beasley (1984), 14 Ohio St.3d 74, 75 (stating that "[a] void judgment is one rendered by a court *Page 15 
lacking subject-matter jurisdiction or the authority to act"); see, also, Polster v. Webb, 160 Ohio App.3d 511, 2005-Ohio-1857, at ¶ 12, quoting Van DeRyt v. Van DeRyt (1966), 6 Ohio St.2d 31, 36 (stating that "`[a] court has an inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity' ").
 {¶ 38} On August 1, 2006, by sua sponte vacating its earlier dissolution of the receivership, the trial court substantively altered its final order of November 10, 2005. Therefore, we cannot conclude that the court's alteration of its entry of November 10, 2005, constitutes a correction of a clerical error as contemplated under Civ.R. 60(A). See, e.g., Huntington Mtge. Co., supra (stating that "[w]hile Civ.R. 60[A] authorizes a trial court to correct clerical mistakes that are apparent on the record, it does not permit a trial court * * * to make substantive changes in judgments"). Also, because no party moved for relief under Civ.R. 60(B), we must further conclude that, as a matter of law, the trial court lacked jurisdiction to vacate its final order of November 10, 2005. See Bright Road, supra; staff notes to Civ.R. 60.[1] Cf. Deutsche Bank Trust Co. v. Pearlman, 162 Ohio App.3d 164,2005-Ohio-3545, at ¶ 18 (finding that "the trial court erred in sua sponte vacating the default foreclosure judgment under Civ.R. 60[B]").
 {¶ 39} Accordingly, for the foregoing reasons, we agree with Ms. Mahlerwein that the trial court committed reversible error by sua sponte vacating its order of November 10, 2005. We therefore sustain Ms. Mahlerwein's second assignment of error.
 {¶ 40} Because the trial court's final order dissolving the receivership appears to have been issued in error, on remand the trial court properly may consider a Civ.R. 60(B) *Page 16 
motion seeking relief from the trial court's final order dissolving the receivership. Also, because Ms. Mahlerwein improperly sued the receiver in the Fairfield County Court of Common Pleas, without leave of the trial court, on remand the trial court also properly may order Ms. Mahlerwein to dismiss without prejudice her action against the receiver in the Fairfield County Court of Common Pleas, and on remand the trial court properly may require her to seek leave of court to file an action against the receiver. If on remand Ms. Mahlerwein fails to comply with an order requiring her to dismiss without prejudice her action against the receiver in the Fairfield County Court of Common Pleas that was filed without seeking leave from the trial court, the trial court properly may consider contempt proceedings against her.
 {¶ 41} Accordingly, having sustained Ms. Mahlerwein's first, second, and third assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed; cause remanded.
BRYANT and KLATT, JJ., concur.
[1] Staff notes to Civ.R. 60 state in part: "In effect * * * Rule 60(B) deals with vacation of voidable judgments. The rule provides that the vacation of voidable judgments `shall be by motion as prescribed in these rules.' " *Page 1