{¶ 1} This is an appeal from a Scioto County Common Pleas Court summary judgment in favor of Aristech Chemical Company, defendant below and appellee herein.
 {¶ 2} Amy Black, plaintiff below and appellant herein, raises the following assignment of error for review:
 "THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BY *Page 2 
CONCLUDING AMY BLACK WAS NOT `DULY APPOINTED' AS THE PERSONAL REPRESENTATIVE OF DONALD BLACK, AND THEREBY ESSENTIALLY OVERTURNING A DECISION MADE BY THE COUNTY COMMON PLEAS COURT OF A DIFFERENT COUNTY."
 {¶ 3} On December 23, 2003, appellant filed a wrongful death complaint in Lawrence County, Ohio and alleged that she was the lawful wife of the decedent. Appellee subsequently filed a summary judgment motion and argued that appellant lacked standing because she brought the wrongful death action in her personal capacity, not as the lawfully appointed representative of her husband's estate. The case subsequently was transferred to Scioto County and in January 2005, appellant voluntarily dismissed her complaint.
 {¶ 4} In the interim, on June 3, 2004, the Lawrence County Probate Court appointed appellant the administrator of Donald Black's estate. The court's entry states that the decedent died "intestate" on December 29, 2001, and that he was "domiciled in" Lawrence County.
 {¶ 5} On January 12, 2006, appellant, as personal representative of Donald Black, filed a second wrongful death complaint against appellee in the Scioto County Common Pleas Court. Appellee filed a summary judgment motion and argued, in part, that appellant is not a proper administrator of the decedent's estate and, thus, she lacks standing to bring a wrongful death action. Appellee claimed that appellant misrepresented to the Lawrence County Probate Court that the decedent was an Ohio resident. Appellee argued that because the decedent was not a resident of Lawrence County, the Lawrence County Probate Court lacked jurisdiction to appoint her the *Page 3 
administrator of the decedent's estate.
 {¶ 6} The trial court determined that appellant was not a proper administrator of the decedent's estate and that she lacked standing to institute a wrongful death action. Thus, the court granted appellee summary judgment. This appeal followed.
 {¶ 7} In her sole assignment of error, appellant asserts that the trial court erred by granting appellee summary judgment. In particular, she claims that the trial court improperly concluded that she was not the proper administrator of her deceased husband's estate because the court should have been bound by the Lawrence County Probate Court's decision to appoint her the estate administrator.
 {¶ 8} Appellee argues that the trial court properly entered summary judgment in its favor because appellant lacked standing to institute the wrongful death action. Appellee maintains that the Lawrence County Probate Court lacked jurisdiction to appoint her the administrator of her deceased hustand's estate and, thus, its judgment is void. Appellee asserts that R.C. 2113.01 provides a probate court with subject-matter jurisdiction to appoint an administrator of an intestate decedent only if the decedent was an Ohio resident. Appellee claims that because the decedent was not a resident of Lawrence County and, in fact, was not an Ohio resident at the time of his death, the Lawrence County Probate Court lacked jurisdiction to appoint her estate administrator.
 A SUMMARY JUDGMENT STANDARD {¶ 9} Appellate courts review trial court summary judgment decisions de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241. Accordingly, appellate courts independently review the record to determine if summary *Page 4 
judgment is appropriate. Appellate courts need not defer to trial court decisions. See Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1153; Morehead v. Conley (1991),75 Ohio App.3d 409, 411-412, 599 N.E.2d 786. Thus, to determine whether a trial court properly entered summary judgment, an appellate court must review the Civ. R. 56 summary judgment standard as well as the applicable law. Civ. R. 56(C) provides:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
 {¶ 10} Thus, a trial court may not enter a summary judgment unless the evidence demonstrates that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997),77 Ohio St.3d 421, 429-430, 674 N.E.2d 1164.
 B STANDING {¶ 11} It is well-settled that "[a] cause of action in wrongful death arising under R.C. Chapter 2125 must be brought in the name of a person appointed by a court to be *Page 5 
the administrator, executor, or personal representative of the decedent's estate." Ramsey v. Neiman (1994), 69 Ohio St.3d 508, 512,634 N.E.2d 211; see, also, R.C. 2125.02(A)(1) ("Except as provided in this division, a civil action for wrongful death shall be brought in the name of the personal representative of the decedent.").
 {¶ 12} In the case at bar, the Lawrence County Probate Court appointed appellant the administrator of Donald Black's estate. Thus, under R.C. 2125.02(A)(1), appellant presumptively has standing to institute a wrongful death action on behalf of the decedent. Appellee, however, counters that the probate court lacked jurisdiction to appoint appellant the administrator and that its judgment is therefore void. Appellee then asserts that because the court's judgment is void, appellant is not the lawfully appointed representative or adminsitrator of the decedent's estate and, thus, lacks standing to institute the wrongful death action.
 {¶ 13} This appeal requires us to consider whether the Lawrence County Probate Court's judgment that appointed appellant the administrator of Donald Black's estate is void. If so, that judgment is a legal nullity that appellee may collaterally attack in the wrongful death case and that the trial court could refuse to recognize. See, generally,Ohio Pyro, Inc. v. Ohio Dept. of Commerce, — Ohio St.3d-, 2007-Ohio-5024,-N.E.2d-, at ¶ 37 (stating that "a collateral attack on a judgment issued by a different court in a civil case will succeed only when the first ruling was issued without jurisdiction * * *").
 C COLLATERAL ATTACK {¶ 14} A collateral attack means "`"an attack to defeat the operation of a judgment, in a proceeding where some new right derived from or through the judgment *Page 6 
is involved."'" Ohio Pyro, at ¶ 16, quoting Fawn Lake Apts. v. CuyahogaCty. Bd. of Revision (1999), 85 Ohio St.3d 609, 611, 710 N.E.2d 681, quoting Kingsborough v. Tousley (1897), 56 Ohio St. 450, 458,47 N.E. 541. The Ohio Pyro court further defined "collateral attack" as follows: "`An attack on a judgment in a proceeding other than direct appeal; esp. an attempt to undermine a judgment through a judicial proceeding in which the ground of the proceeding (or a defense in the proceeding) is that the judgment is ineffective * * *." Id. at ¶ 17, quoting Black's Law Dictionary (8th Ed. 2004) 278; see, also, Hall v.Tucker, 161 Ohio App.3d 245, 2005-Ohio-2674, 829 N.E.2d 1259, at ¶ 42, quoting 63 Ohio Jurisprudence 3d (2003) 285, Judgments, Section 471 ("`A "collateral attack" on a judgment may be defined as an attempt to avoid, defeat, or evade judgment, or to deny its force and effect, in some judicial proceeding not provided by law for the express purpose of reviewing it.'"); In re Prenzlin, Seneca App. Nos. 13-02-07, 13-02-08, and 13-02-09, 2002-Ohio-4161 (stating that "a collateral attack is defined as an attempt to defeat the operation of a judgment in a proceeding where some new right derived from or through the judgment is involved, or in some incidental proceeding not provided by law for the express purpose of attacking it").
 {¶ 15} Generally, a party may not collaterally attack a valid judgment. Ohio Pyro at ¶ 22 and ¶ 24 (stating that collateral attacks "are disfavored" and "will succeed only in certain very limited situations"). A party may, however, collaterally attack a judgment that is void ab initio. Pratts v. Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980,806 N.E.2d 992, at ¶ 11. Because a judgment rendered by a court without subject-matter jurisdiction is void ab initio, it is subject to collateral attack. See id., quoting Patton v. Diemer (1988),35 Ohio St.3d 68, 518 N.E.2d 941, paragraph one of the syllabus; see, also,Ohio Pyro at ¶ 25. Subject-matter jurisdiction is a "`condition precedent to the *Page 7 
court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void.'" Pratts, at ¶ 11, quotingPatton v. Diemer (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus. If a court lacks subject-matter jurisdiction, its judgment is "null and void [and] is subject to collateral attack, not only by the parties thereto, but by others — that is, by whomever it might affect * * *'" Horn v. Childers, (1959), 116 Ohio App. 175, 179,187 N.E.2d 402, quoting 32 Ohio Jurisprudence (2d), 392, Section 724; see, also, Martin v. Wilks (1989), 490 U.S. 755, 771, 109 S.Ct. 2180,104 L.Ed.2d 835 (citations omitted), superseded by statute on other grounds, Section 18 of the Civil Rights Act of 1991, codified at 42 U.S.C. 2000e-2(n)(1) ("If the court had no jurisdiction over the subject matter, or if the judgment is the product of corruption, duress, fraud, collusion, or mistake, under limited circumstances it may be set aside in an appropriate collateral proceeding. This rule not only applies to parties to the original action, but also allows interested third parties collaterally to attack judgments."). Thus, as long as a court possesses subject-matter jurisdiction, its "judgment [ordinarily] may not be collaterally impeached." State ex re l. Schneider v. Brewer (1951),155 Ohio St. 203, 205, 98 N.E.2d 2; see, also, Hall, supra.
 {¶ 16} More particular to the case at bar, this court previously addressed a party's ability to collaterally attack a probate court's judgment and stated:
 "It is generally recognized that Probate Courts in Ohio are courts of record and their judgments are to be immune from collateral attack, especially if the attack raises a question of irregularity or procedural defect. It is also generally recognized that the void action of any court in Ohio, including the Probate Court, may be raised in a separate and distinct action even as a collateral attack, because any attack on a void judgment is deemed to be a direct attack."
Horn, 116 Ohio App. at 179. Cf. Union Savings Bank and Trust Co. v.Western Telegraph Co. (1908), 79 Ohio St. 89, 86 N.E. 478, paragraph two of the syllabus ("An *Page 8 
order of the probate court appointing an executor, if made without jurisdiction, is void, and it may be disregarded in any other court; but, if made in the exercise of proper jurisdiction over the subject-matter and estate, although based upon erroneous conclusions of law or fact, it cannot be collaterally attacked."). But, see, In reGingery's Estate (1921), 103 Ohio St. 559, 134 N.E.2d 449 (noting former holdings "that, the probate court having exclusive jurisdiction upon matters of administration, it is presumed that in the application for the original appointment that the court passed upon [the residency requirement], and presumptively found that the decedent was a resident of Henry [C]ounty at the time of his death. Such being the case, it is claimed that this presumption, and the validity of the appointment based thereon cannot be attacked collaterally").
 {¶ 17} Based upon the foregoing authorities, [1] we disagree with appellant's assertion that the Scioto County Common Pleas Court lacked the ability to void the Lawrence County Probate Court's judgment. If indeed the probate court lacked subject-matter jurisdiction, then its judgment is a legal nullity.
 D *Page 9 SUBJECT-MATTER JURISDICTION {¶ 18} Subject-matter jurisdiction describes a court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens fora Better Environment (1998), 523 U.S. 83, 89, 118 S.Ct. 1003,140 L.Ed.2d 210; see, also, Pratts, at ¶ 11. "Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, `* * * the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred * * *.'" State ex rel. Pizza v. Rayford
(1992), 62 Ohio St.3d 382, 384, 582 N.E.2d 992, quoting Sheldon's Lesseev. Newton (1854), 3 Ohio St. 494, 499. "[A] judgment rendered by a court lacking subject matter jurisdiction is void ab initio." Patton v.Diemer (1988), 35 Ohio St.3d 68, 70, 518 N.E.2d 941; see, also,Pratts, at ¶ 12.
 {¶ 19} In addition to subject-matter jurisdiction, a court must also have jurisdiction over a particular case. See Pratts, at ¶ 12. "`"[J]urisdiction over the particular case encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction."'" Id., quoting State v.Parker, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, at ¶ 22 (Cook, J., dissenting), quoting State v. Swiger (1998),125 Ohio App.3d 456, 462, 708 N.E.2d 1033. Unlike lack of subject-matter jurisdiction which renders a judgment void, "`lack of jurisdiction over the particular case merely renders the judgment voidable.'" Id., quotingParker at ¶ 22 (Cook, J., dissenting), quoting Swiger,125 Ohio App.3d at 462. Thus, "`"[w]here it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present. Any subsequent error in the proceedings is only error in the `exercise of jurisdiction,' as distinguished from the want of jurisdiction in the first instance."'"Pratts, at ¶ 22, quoting *Page 10 State v. Filiaggi (1999), 86 Ohio St.3d 230, 240, 714 N.E.2d 867, quoting In re Waite (1991), 188 Mich.App. 189, 200, 468 N.W.2d 912. If a judgment is merely voidable, it may not be collaterally attacked. SeeClark v. Wilson (July 28, 2000), Trumbull App. No. 2000-T-0063 (stating that "if a judgment is deemed voidable, it will have the effect of a proper legal order unless its propriety is successfully challenged through a direct attack on the merits").
 E PROBATE COURT'S SUBJECT-MATTER JURISDICTION {¶ 20} The probate court is a court of limited jurisdiction, and possesses only the powers granted to it by statute. State ex rel. Lee v.Trumbull County Probate Court (1998), 83 Ohio St.3d 369, 372,700 N.E.2d 4; Corron v. Corron (1988), 40 Ohio St.3d 75, 77, 531 N.E.2d 708;Schucker v. Metcalf (1986), 22 Ohio St.3d 33, 34, 488 N.E.2d 210. R.C. 2101.24(A)(1)(b) gives the probate court exclusive jurisdiction "[t]o grant and revoke letters testamentary and of administration." More specifically, R.C. 2113.01 provides: "Upon the death of a resident of this state intestate, letters of administration of his estate shall be granted by the probate court of the county in which he was a resident at the time he died."
 {¶ 21} In State ex rel. Lee v. Trumbull County Probate Court (1998),83 Ohio St.3d 369, 372-373, 700 N.E.2d 4, the court held that a probate court lacks subject-matter jurisdiction over a non-resident, intestate decedent's estate. In Lee, the decedent died in Hong Kong and held property in Ohio. The Trumbull County Probate Court appointed a special administrator of the decedent's estate. The decedent's son subsequently filed a writ of prohibition in the Trumbull County Court of Appeals to prevent the probate court from proceeding with the administration of the decedent's *Page 11 
estate.
 {¶ 22} The appellate court granted the probate court's motion for judgment on the pleadings and thus denied the writ. The Ohio Supreme Court reversed and remanded, and concluded that the probate court "might patently and unambiguously lack jurisdiction." Id. at 374. The court explained: "Because the probate court is a court of limited jurisdiction, probate proceedings are restricted to those actions permitted by statute and by the Constitution. Under R.C. 2101.24(A)(1)(b) and (c), probate courts have general, exclusive jurisdiction `[t]o grant and revoke letters testamentary and of administration' * * *." The court also observed that R.C. 2113.01
"empowers the probate court to grant letters of administration only `[u]pon the death of a resident of this state intestate.'" Id. at 372-73. The court determined that the statutes did not grant "subject-matter jurisdiction" to administer the estate. Id. at 372. The court found that R.C. 2113.01 did not provide jurisdiction because the decedent indisputably was not a resident of this state, but was a resident of Hong Kong at the time of her death.[2]
 {¶ 23} We believe that Lee is instructive. Like the decedent inLee, the decedent in the case at bar was not a resident of Ohio. The Ohio Supreme Court's holding in Lee states that R.C. 2113.01 is a subject-matter jurisdiction statute, not a statute that grants a court jurisdiction over a particular case. Because R.C. 2113.01 is a subject-matter jurisdiction statute, a probate court's judgment exercising jurisdiction over a nonresident decedent's estate is void and thus subject to collateral attack. *Page 12 
 {¶ 24} In the case sub judice, the Lawrence County Probate Court appointed appellant the administrator of a non-resident defendant's estate. Based upon the foregoing authorities, its judgment is void, i.e., a legal nullity. Because its judgment is void, appellee could collaterally attack the judgment in a separate and distinct proceeding, i.e., the Scioto County Common Pleas Court wrongful death case. Contrary to appellant's argument, the Scioto County Common Pleas Court need not give effect to a void judgment rendered in another court. Once the Scioto County Common Pleas Court determined that the probate court's judgment was void, it properly determined that appellant lacked standing to institute the wrongful death action inasmuch as she is not the lawfully appointed administrator of the decedent's estate. Because appellant lacks standing to maintain the wrongful death action, the trial court properly granted appellee judgment as a matter of law. We also note that once appellee raised the question regarding the validity of the probate court's judgment, appellant failed to respond with facts and evidence to show that the decedent was, in fact, an Ohio resident, or to take other steps to become a proper administrator of his estate.[3] Appellant did not assert in the trial court that the decedent resided in Lawrence County, Ohio at the time of his death.
 {¶ 25} Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
 JUDGMENT AFFIRMED. *Page 13 
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, P.J., Kline, J. McFarland, J.: Concur in Judgment Opinion
[1] Appellee cites Polster v. Webb, 160 Ohio App.3d 511,2005-Ohio-1857, 827 N.E.2d 864, to support its argument that the Scioto County Common Pleas Court possessed authority to void the probate court's judgment. We find Polster inapposite. In Polster, the judge originally assigned to the case was removed. The visiting judge assigned to the case subsequently recused himself. A third judge then presided over the case. On appeal, the court held that the third judge "possessed inherent authority to vacate what he considered to be a void judgment." In contrast, the facts in the case at bar do not involve the same case being heard in the same court, but with a different judge. Instead, the judge in the common pleas court wrongful death case voided the judgment of another county's probate judge. Thus, we do not findPolster applicable to these facts. Rather, as explained above, the collateral attack doctrine, although not mentioned by any of the parties, better explains the common pleas court's authority to void the probate court's judgment.
[2] The Ohio Supreme Court more recently suggested that a similar statute regarding the appointment of a guardian is not a jurisdictional statute. See State ex re l. Florence v. Zitter 106 Ohio St.3d 87, 91-92,2005-Ohio-3804, 831 N.E.2d 1003, at ¶ 21; R.C. 2111.02(A) (precluding a probate court "from providing a guardian for a ward who does not reside, or have a legal settlement, in the county").
[3] Although we express no opinion on the merits of the court's opinion in the following case, see, generally, De Garza v.Chetister (1978), 62 Ohio App.2d 149, 405 N.E.2d 331. *Page 1