OPINION
{¶ 1} On January 27, 2003, appellant, Tiffany Mahlerwien, executed an Operating Agreement for appellant, Healthcare Choices and Consultants, LLC (hereinafter "HCC"). She was the sole member and one hundred percent owner of HCC. On March 25, 2003, appellant sold half of her interest to appellee, Amar Lakhi. As part of the agreement, appellee signed a covenant not to compete. Appellee granted his voting rights to his wife, appellee, Rani Lakhi, M.D. HCC operated two urgent care medical facilities.
 {¶ 2} Differences arose among the parties and the bills were not being paid. On February 9, 2004, Reg Martin was appointed receiver of HCC. See, Franklin County Common Pleas Case No. 04CVH021497. The receiver sold the assets of HCC to appellee Amar. Appellee Rani formed Premier Medical Care, LLC and leased premises formerly associated with HCC but now owned by her husband.
 {¶ 3} On July 15, 2004, appellants filed a complaint for injunctive relief against appellees, claiming they were operating urgent care medical facilities in violation of their respective agreement. A hearing commenced on August 16, 2004. By judgment entry filed August 26, 2004, the trial court found appellants did not have standing to seek an injunction as a receiver had been appointed and only the duly appointed receiver could institute legal proceedings to prevent harm to HCC.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT WHEN THE TRIAL COURT DETERMINED THE PLAINTIFF-APPELLANT DID NOT HAVE STANDING TO BRING AN ACTION TO ENFORCE PROVISIONS OF THE PARTIES OPERATING AGREEMENT."
 I {¶ 6} Appellants claim the trial court erred in dismissing the request for an injunction, finding they did not have standing to pursue the action. We disagree.
 {¶ 7} On February 9, 2004, a receiver for HCC was appointed by the Court of Common Pleas of Franklin County. See, Case No. 04CVH021497. The Order Appointing Receiver empowered the receiver "to conduct all the business connected with the Corporation, make collections, pay the debts and expenses out of cash flow, conduct all litigation in reference thereto sell its assets at the best price available." See, Exhibit A, attached to Appellees' Brief.
 {¶ 8} The parties' Operating Agreement and the amendments thereto, attached to the July 15, 2004 Complaint as Exhibit 3, include provisions stating that the members shall manage the "Company" jointly and "shall have the right individually to act for and bind the Company in the ordinary course of business." See, Amended Section 5.1. Each member held a fifty percent share in the "Company."
 {¶ 9} Appellant argues these provisions and her position as a fifty percent member allow her to initiate an action pursuant to the following anti-compete clause found in Section 5.4.2, added as an amendment on January 31, 2003:
 {¶ 10} "While the Company is operating and for a period of one year after the Company ceases operations the Members and Rani A. Lakhi shall not compete, either directly or indirectly, whether through an ownership interest, employment, or otherwise in any business activities relating to the business of the Company. The foregoing restrictive covenant shall apply to the geographic area within five miles of any business location operated by the Company. The Members acknowledge the importance and significance of the herein restrictive covenants and agree that a violation of these restrictive covenants will irreparably harm the Company and/or the remaining complying Member and that the Company and/or the remaining complying Member shall be entitled to the Temporary Restraining Order and an Injunction enforcing the herein restricted covenants."
 {¶ 11} Based upon the language of the Order Appointing Receiver and the anti-compete clause, we find the trial court was correct in finding the right to enforce the Operating Agreement was limited to the receiver during the pending receivership as there was no proof that the "Company" had been dissolved.[1]
 {¶ 12} The sole assignment of error is denied.
 {¶ 13} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
Farmer, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.
[1] The July 15, 2004 Complaint for Injunctive Relief at ¶ 1 states HCC "is a Limited Liability Company registered in good standing with the Ohio Secretary of State with the principle place of business in Fairfield County, Ohio."