OPINION *Page 2 
{¶ 1} Appellant Tiffany Mahlerwein appeals from the denial her request for injunctive relief in the Fairfield County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} On January 27, 2003, Appellant Mahlerwein executed an operating agreement for Healthcare Choices and Consultants, LLC, which provided urgent care medical facilities in Columbus and Lancaster. Appellant originally was the sole member and one hundred percent owner of the company. On March 25, 2003, appellant sold half of her interest to Appellee Amar Lakhi. As part of the agreement, Appellee Amar signed a one-year covenant not to compete. Appellee Amar granted his voting rights to his wife, Appellee Rani Lakhi, M.D.
 {¶ 3} Financial and management disagreements thereafter arose among the parties, and in February 2004, Appellee Amar Lakhi filed an action in the Court of Common Pleas, Franklin County, seeking, inter alia, placement of Healthcare Choices and Consultants (hereinafter "HCC"), into a receivership. On February 9, 2004, Reg Martin was appointed receiver of HCC. See, Franklin County Common Pleas Case No. 04CVH021497. The receiver sold the assets of HCC to Appellee Amar. On November 10, 2005, the Franklin County Court of Common Pleas issued a judgment entry dissolving the receivership.
 {¶ 4} On July 15, 2004, appellant and HCC filed a complaint for injunctive relief in the Fairfield County Court of Common Pleas against appellees, claiming they were operating urgent care medical facilities in violation of their respective agreement. By judgment entry filed August 26, 2004, the trial court found appellant did not have *Page 3 
standing to seek an injunction as a receiver had been appointed and only the duly appointed receiver could institute legal proceedings to prevent harm to HCC. Appellant filed an appeal to this Court. See Mahlerwein v.Lakhi, Fairfield App. No. 04CA58, 2005-Ohio-5710 ("Mahlerwein I"). In our opinion of October 11, 2005, we held the trial court was correct in finding the right to enforce the operating agreement was limited to the receiver during the pending receivership. Id. at ¶ 11.
 {¶ 5} On August 6, 2006, following the filing of a negligence action in Franklin County by appellant against the receiver, the Franklin County Court of Common Pleas switched course and issued a judgment entry declaring the receivership had not been terminated, and that its dissolution judgment entry of November 10, 2005 was null and void.[1]
 {¶ 6} On July 26, 2006, in the case sub judice, the trial court ordered a permanent injunction hearing for September 8, 2006. The trial court issued a judgment entry on December 21, 2006 denying the issuance of a permanent injunction against appellees.[2]
 {¶ 7} On January 24, 2007, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error: *Page 4 
 {¶ 8} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DETERMINED THE PARTIES' ONE YEAR NON-COMPETITION CLAUSE HAD EXPIRED AND REFUSED TO ENFORCE A PERMANENT INJUNCTION NOT TO COMPETE AGAINST THE DEFENDANTS."
 I. {¶ 9} In her sole Assignment of Error, appellant contends the trial court committed reversible error by refusing to grant a permanent injunction against appellees regarding the covenant not to compete. We disagree.
 {¶ 10} Our standard of review regarding the granting of an injunction is whether the trial court abused its discretion. City of Canton v.Campbell, Stark App. No. 2001CA00205, 2002-Ohio-1856, citingMechanical Contractors Association of Cincinnati, Inc. v. University ofCincinnati (2001), 141 Ohio App.3d 333, 338, 750 N.E.2d 1217. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Id. Furthermore, it is well settled that an injunction will not issue where there is an adequate remedy at law. Mid-AmericaTire, Inc. v. PTZ Trading Ltd., 95 Ohio St.3d 367, 2002-Ohio-2427, ¶ 74
(citations omitted).
 {¶ 11} The crux of appellant's argument is that the trial court erroneously concluded the parties had agreed that HCC ceased its operations in July 2004. In support, appellant points out that the Franklin County Common Pleas Court vacated its prior judgment entry of dissolution of the receivership, arguably reviving the business. However, during the pendency of the present appeal, the Tenth District Court of Appeals reversed the decision of the Franklin County Court of Common Pleas which *Page 5 
had vacated said dissolution of the receivership. See Lakhi v.Healthcare Choices and Consultants, LLC, Franklin App. No. 06AP-806,2007-Ohio-4127, ¶ 39 — ¶ 41.
 {¶ 12} Under these circumstances, and taking judicial notice of the Tenth District's decision, we find the receivership dissolution date reverts to November 10, 2005, and that HCC ceased operations, at the latest, on that date. The one-year covenant not to compete would thus have expired no later than November 10, 2006. We are thus presently unable to find any error prejudicial to appellant in this regard, as the purpose of an injunction is to avoid a future injury rather than fix a past wrong. See, e.g., Martin v. Lake Mohawk Property Owner'sAss'n, Carroll App. No. 04-CA-815, 2005-Ohio-7062, ¶ 49.
 {¶ 13} Appellant's sole Assignment of Error is overruled.
 {¶ 14} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, is hereby affirmed.
 Wise, J. Gwin, P. J., and Hoffman, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
Costs assessed to Appellant.
[1] In the meantime, appellant had filed an action in the Fairfield County Court of Common Pleas against appellees (case 04 CV 143), alleging breach of contract and breach of fiduciary duty. The case was referred to arbitration. In December 2005, the arbitrators issued a unanimous decision in favor of appellees. On April 28, 2006, following a hearing, the Fairfield County Court of Common Pleas reduced the arbitration decision to a judgment.
[2] The trial court did, however, enjoin appellees from maintaining and transferring HCC patient files in any manner which would violate the Health Insurance Portability and Accountability Act. *Page 1