OPINION *Page 2 
{¶ 1} Appellant Tiffany Mahlerwein appeals from the denial her request for relief from judgment in the Fairfield County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} On January 27, 2003, Appellant Mahlerwein executed an operating agreement for Healthcare Choices and Consultants, LLC, which provided urgent care medical facilities in Columbus and Lancaster. Appellant originally was the sole member and one hundred percent owner of the company. On March 25, 2003, appellant sold half of her interest to Appellee Amar Lakhi. As part of the agreement, Appellee Amar signed a one-year covenant not to compete. Appellee Amar granted his voting rights to his wife, Appellee Rani Lakhi, M.D.
 {¶ 3} Financial and management disagreements thereafter arose among the parties, and in February 2004, Appellee Amar Lakhi filed an action in the Court of Common Pleas, Franklin County, seeking, inter alia, placement of Healthcare Choices and Consultants (hereinafter "HCC"), into a receivership. On February 9, 2004, Reg Martin was appointed receiver of HCC. See, Franklin County Common Pleas Case No. 04CVH021497. The receiver sold the assets of HCC to Appellee Amar. On November 10, 2005, the Franklin County Court of Common Pleas issued a judgment entry dissolving the receivership.
 {¶ 4} On July 15, 2004, appellant and HCC filed a complaint for injunctive relief in the Fairfield County Court of Common Pleas against appellees (case 04 CV 656), claiming they were operating urgent care medical facilities in violation of their respective agreement. By judgment entry filed August 26, 2004, the trial court found appellant did *Page 3 
not have standing to seek an injunction as a receiver had been appointed and only the duly appointed receiver could institute legal proceedings to prevent harm to HCC. Appellant filed an appeal to this Court. SeeMahlerwein v. Lakhi, Fairfield App. No. 04CA58, 2005-Ohio-5710
("Mahlerwein I"). We held the trial court was correct in finding the right to enforce the operating agreement was limited to the receiver during the pending receivership. Id. at ¶ 11.
 {¶ 5} In the meantime, in the underlying case, appellant had filed an action in the Fairfield County Court of Common Pleas against Amar Lakhi and Dr. Rani Lakhi, alleging breach of contract and breach of fiduciary duty. The case was referred to arbitration. In December 2005, the arbitrators issued a unanimous decision in favor of Amar Lakhi and Dr. Rani Lakhi. On April 28, 2006, following a hearing, the Fairfield County Court of Common Pleas reduced the arbitration decision to a judgment.
 {¶ 6} However, on August 6, 2006, the Franklin County Court of Common Pleas switched course and issued a judgment entry declaring the receivership had not been terminated, and that its judgment entry of November 10, 2005 was null and void.
 {¶ 7} As a result, on October 30, 2006, appellant filed a Civ.R. 60(B) motion to vacate the Fairfield County judgment entry of April 28, 2006 confirming the arbitration decision, on the basis that the receivership would still have been in effect at that time.
 {¶ 8} The trial court denied appellant's motion to vacate on December 7, 2006. On January 5, 2007, appellant filed a notice of appeal. She herein raises the following three Assignments of Error: *Page 4 
 {¶ 9} "I. THE PARTIES LACKED STANDING TO CONDUCT THE UNDERLYING ARBITRATION, GIVEN THE FACT HEALTHCARE CHOICES AND CONSULTANTS WAS STILL IN RECEIVERSHIP.
 {¶ 10} "II. THE TRIAL COURT LACKED JURISDICTION TO ADOPT THE ARBITRATORS' DECISION DUE TO THE FACT THAT HEALTHCARE CHOICES AND CONSULTANTS WAS STILL IN RECEIVERSHIP AND THE PARTIES DID NOT HAVE STANDING.
 {¶ 11} "III. THE TRIAL COURT ERRED IN DENYING THE PLAINTIFF'S MOTION TO VACATE, BASED ON THE COURT'S ASSERTION THE PLAINTIFF HAD NO MERITORIOUS DEFENSE."
 I. {¶ 12} In her First Assignment of Error, appellant argues the arbitration procedure in this case was improper given the renewed existence of the receivership in Franklin County.
 {¶ 13} Ohio law recognizes that R.C. 2711.10 provides the sole grounds for vacating arbitration awards, and appellate review is limited to those circumstances set forth in the statute. See Selby Gen. Hosp. v.Kindig, Washington App. No. 04CA53, 2006-Ohio-4383, ¶ 30, citingUniversity Mednet v. Blue Cross Blue Shield of Ohio (1997)126 Ohio App.3d 219, 231-232, 710 N.E.2d 279. We note appellant's Civ.R. 60(B) motion in the case sub judice makes no specific reference to the statutory grounds set forth in R.C. 2711.10. Moreover, the 60(B) motion, assuming it was the proper procedural device, only sought vacation of the trial court's order of confirmation, not the arbitration decision itself. *Page 5 
 {¶ 14} Having failed to properly assert the present issue with the trial court in her Civ.R. 60(B) motion, we hold appellant has waived it for purposes of appeal. See National City Mortgage Co. v. Johnson Associates Financial Services, Inc., Montgomery App. No. 21164, 2006-Ohio-2364, ¶ 16, citing Gentile v. Ristas, 160 Ohio App.3d 765,2005-Ohio-2197, ¶ 74.
 {¶ 15} Accordingly, appellant's First Assignment of Error is overruled.
 II., III. {¶ 16} In her Second and Third Assignments of Error, appellant contends the trial court erred in failing to vacate its previous confirmation of the arbitration decision, and in finding she had no meritorious defense or claim to present for purposes of a Civ.R. 60(B) motion.
 {¶ 17} The basis of appellant's motion to vacate was that the confirmation of the arbitration decision had been rendered under the belief that the receivership had been dissolved in Franklin County. However, during the pendency of the present appeal, the Tenth District Court of Appeals reversed the decision of the Franklin County Court of Common Pleas which had sua sponte vacated its prior dissolution of the receivership. See Lakhi v. Healthcare Choices and Consultants, LLC, Franklin App. No. 06AP-806, 2007-Ohio-4127, ¶ 39 — ¶ 41. Thus, the fundamental question of whether the trial court in the case sub judice lacked jurisdiction to proceed in confirming the arbitration decision, because of the revival of the receivership, has become moot following the Tenth District's reversal. *Page 6 
 {¶ 18} Appellant's Second and Third Assignments of Error are therefore overruled on grounds of mootness.
 {¶ 19} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
Wise, J., Gwin, P. J., concurs.
 Hoffman, J., concurs separately. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 7