OPINION
{¶ 1} Pamela Levine appeals from the judgment of the Geauga County Court of Common Pleas, Probate Division, granting her daughter-in-law, Kortni Hibshman, relief from judgment regarding the guardianship of her minor son, Jeryko. We affirm.
 {¶ 2} The recitation of facts is drawn from the record, including the transcript of hearing before the trial court, and the depositions of Gregory and Kortni Hibshman filed with the trial court.
 {¶ 3} Jeryko is the son of Kortni and Gregory Hibshman. Mr. Hibshman is Ms. Levine's son. At all times relevant to this appeal, Gregory was serving in the United *Page 2 
States Air Force. Kortni and Gregory were married April 30, 2005, while he was stationed at Hill Air Force Base in Utah. He was twenty-four at the time; Kortni, sixteen. Kortni gave birth to Jeryko May 25, 2006. The young couple resided in quarters on base.
 {¶ 4} Eventually, Gregory was assigned a tour of duty in South Korea. Kortni and Jeryko remained at the base in Utah. Evidently feeling lonely and overwhelmed, Kortni decided in July 2007 to return to her home town of Orem, Utah, about an hour from the base. According to her testimony, she initially moved in with her mother; then, in October 2007, moved in with a cousin and her husband, a block or two away from her mother's, before staying with friends from December 2007 until February 2008. From February 2008 until May 2008, she lived with her grandmother in Provo, Utah, before moving into an apartment in Orem with her cousin.
 {¶ 5} Evidently, Gregory disapproved of Kortni leaving the air base and living with her family. Kortni testified he wanted her to get her own apartment. It was decided that Ms. Levine should come to Utah to pick up Jeryko, and bring him back to her home in Bainbridge, Geauga County, Ohio, for an extended visit, from August 18, 2007, until early October 2007, while Kortni got settled.
 {¶ 6} Ms. Levine testified that Kortni showed little interest in Jeryko once he was in Ohio, rarely calling. Kortni testified that Ms. Levine and her husband made it difficult for her to have contact with Jeryko. Ms. Levine testified that she never really knew where Kortni was living; and, that at one point during the autumn of 2007, Kortni's own mother called, trying to determine Kortni's whereabouts. Both Kortni and Ms. Levine agreed they kept in touch by email; and, many emails between the two of them were *Page 3 
introduced into evidence. Kortni testified that Gregory knew where she could be reached by mail, including her mother's, no matter where she was living; and, during the autumn of 2007, at her cousin's, where Gregory's own mail was forwarded from Hill Air Force Base.
 {¶ 7} On November 14, 2007, Gregory executed a waiver of his rights, in favor of granting guardianship of Jeryko to Ms. Levine.
 {¶ 8} December 20, 2007, Ms. Levine filed for the guardianship of Jeryko in the trial court. As the last known address for her daughter-in-law, she listed the Orem address of the cousin with whom Kortni had stayed from October until early December of 2007. Alleging that Kortni refused to provide her with any current address, Ms. Levine accomplished service of the application for guardianship by publication in the Geauga County Maple Leaf.
 {¶ 9} January 25, 2008, Ms. Levine emailed Kortni that it was time for her and her husband to assume guardianship of Jeryko. A copy of a letter from Ms. Levine's attorney, advising her to email Kortni a copy of the notice in the Geauga County Maple Leaf, and a copy of the notice, were included as attachments. Kortni replied to the email in consternation, disapproving the idea of a guardianship for Jeryko. She testified that she failed to notice the attachments.
 {¶ 10} February 4, 2008, Gregory filed for divorce from Kortni, and for custody of Jeryko, in the Geauga County Court of Common Pleas, Division of Domestic Relations. The papers were served by certified mail upon Kortni, at both her cousin's and mother's *Page 4 
addresses in Orem, Utah. Service was achieved successfully at her mother's address.[1]
 {¶ 11} March 4, 2008, the trial court granted Ms. Levine's application to be Jeryko's guardian. March 20, 2007, Kortni attended a hearing before the domestic relations magistrate with her Ohio attorney. It was only at this time she learned that her mother-in-law had actually applied for and obtained guardianship of Jeryko.
 {¶ 12} April 4, 2008, Kortni filed a motion for relief from judgment, pursuant to Civ. R. 60(B). Motion practice and discovery ensued. July 17, 2008, hearing on the motion was held by the trial court. Kortni and her father, Aaron Coulson, testified on her behalf; Ms. Levine testified on her behalf; and depositions of both Kortni and Gregory were submitted. The hearing revolved around whether service by publication, as was had in this case, was sufficient. Kortni testified that Ms. Levine always could have obtained service upon her via certified mail, as is required on out-of-state defendants pursuant to Civ. R. 4.3; Ms. Levine asserted that Kortni refused to give her an address, and that internet searches failed to reveal her residence.
 {¶ 13} By a judgment entry filed July 21, 2008, the trial court found that Ms. Levine had failed to make sufficient efforts to locate Kortni, as is required by Civ. R. 4.4 before service by publication is allowed. Consequently, it found the judgment entry granting the guardianship to be void. It further found Ohio to be forum non conveniens concerning the custody of Jeryko.
 {¶ 14} August 1, 2008, Ms. Levine timely noticed this appeal, assigning three errors: *Page 5 
 {¶ 15} "[1.] THE TRIAL COURT ERRED IN ABUSING [ITS] DISCRETION IN MAKING A DETERMINATION WHICH WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE THAT APPELLANT HAD NOT MADE REASONABLE EFFORTS TO PERFECT SERVICE AND IN MAKING A DETERMINATION THAT APPELLANT'S FAILURE TO INVESTIGATE THE IDENTITY OF EXTENDED FAMILY OF THE APPELLEE CONTRIBUTED TO THE LACK OF REASONABLE EFFORTS.
 {¶ 16} "[2.] THE TRIAL COURT ERRED IN EXERCISING JURISDICTION TO DETERMINATION ALLOCATION OF PARENTAL RIGHTS WHEN NO SUCH MATTER WAS PENDING BEFORE THE TRIAL COURT, NO EVIDENCE WAS PRESENTED AT HEARING, AND AFTER RELINQUISHING JURISDICTION BY DISMISSING THE GUARDIANSHIP.
 {¶ 17} "[3.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY SUA SPONTE DISMISSING THE UNDERLYING GUARDIANSHIP WITHOUT PROVIDING ADEQUATE NOTICE."
 {¶ 18} We deal with the assignments of error together.
 {¶ 19} Ohio has adopted the Uniform Child Custody Jurisdiction and Enforcement Act. See, e.g., R.C. Chapter 3127. "Division (A) [of R.C. 3127.15] is the exclusive jurisdictional basis for making a child custody determination by a court of this state." R.C. 3127.15(B). A "child custody determination" can include a guardianship. R.C. 3127.01(B)(4). R.C. 3127.15(A) provides, in relevant part: *Page 6 
 {¶ 20} "*** Except as otherwise provided in section 3127.18 of the Revised Code, [2] a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:
 {¶ 21} "(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.
 {¶ 22} "(2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum ***
 {¶ 23} "***
 {¶ 24} "***
 {¶ 25} "(3) All courts having jurisdiction under division (A)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child ***
 {¶ 26} "(4) No court of any other state would have jurisdiction under the criteria specified in division (A)(1), (2), or (3) of this section."
 {¶ 27} The failure to satisfy the jurisdictional requirements of R.C. 3127.15(A) deprives the courts of Ohio of subject matter jurisdiction.Rosen v. Celebrezze, 117 Ohio St.3d 241, 2008-Ohio-853, at ¶ 44. And in the present case, none of the requirements are met. *Page 7 
 {¶ 28} R.C. 3127.15(A)(1) does not lodge subject matter jurisdiction in Ohio, because Ohio is not Jeryko's "home state" — Utah is. Pursuant to R.C. 3127.01(B)(7), "`Home state' means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding ***[.]" Jeryko was born and raised in Utah; Ms. Levine brought him to Ohio on or about August 18, 2007; she applied for his custody December 20, 2007 — less than six months later. Further, there is no evidence in the record that any of the other divisions of R.C. 3127.15(A) apply. Rather, it appears that the courts of Utah do have jurisdiction, and, that the Fourth Judicial District of Utah County, Utah, is fully ready to exercise it.
 {¶ 29} A judgment issued by a court lacking subject matter jurisdiction is void ab initio. Black v. Aristech Chem. Co., 4th Dist. No. 07CA3155, 2008-Ohio-7038, at ¶ 15. Consequently, the trial court's judgment in this case was fully justified.
 {¶ 30} The assignments of error lack merit.
 {¶ 31} The judgment of the Geauga County Court of Common Pleas, Probate Division, is affirmed.
 {¶ 32} It is the further order of this court that appellant is assessed costs herein taxed.
 {¶ 33} The court finds there were reasonable grounds for this appeal.
DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., concur.
[1] Evidently, Kortni has countersued for divorce in Utah. Further, included in the record are a temporary restraining order, requiring Gregory and Ms. Levine to cease withholding Jeryko from his mother, and a pick up order, requiring any sheriff or peace officer of Ohio to turn Jeryko over to his mother. Both issued March 3, 2008, out of the Fourth Judicial District of Utah County, Utah, speaking through Judge Stott.
[2] R.C. 3127.18 concerns the power of Ohio's courts to exercise temporary jurisdiction in cases of abandonment and emergencies. R.C. 3127.18(A)(1) and (2). *Page 1